(No. 73-CC-0022—

HENRY Y. NISHI, Administrator of the Estate of SOFIA NISHI, Deceased, Claimant, *v.* STATE OF ILLINOIS, DEPARTMENT OF MENTAL HEALTH, CHARLES REED MEDICAL CENTER, Respondent.

*Opinion filed February 27, 1978.*

O'BRIEN & TRITTIPO, LTD., by DONALD V. O'BRIEN, Attorney for Claimant.

WILLIAM J. SCOTT, Attorney General; SAUL R. WEXLER, Assistant Attorney General, for Respondent.

POCH, J.

The Claimant, Henry Y. Nishi, Administrator of the Estate of his deceased wife, Sofia Nishi, brings this claim seeking $100,000.00 in damages due to the death of his wife while she was a patient at the Charles Read Mental Health Center in Chicago, Illinois, an institution operated by the Respondent for treatment of the mentally distressed. At the time of her death on March 30, 1972, the statutory limit on the amount of damages recoverable was $25,000.00, *Ill.Rev.Stat., Ch. 37,* §439.8,

1957. Subsequent to the death of Mrs. Nishi, the General Assembly in 1972 increased the limit on damages to $100,000.00. The Claimant seeks to recover the higher amount regardless of when the cause of action accrued.

The parties entered into various stipulations and adduced evidence before a Commissioner of this Court, Joseph P. Griffin. The evidence showed that Sofia Nishi, then age 39, entered the Read Center as a voluntary patient on March 21, 1972. She responded to treatment and was to be discharged later to be an outpatient at the hospital. On March 30, 1972, Mrs. Nishi was strangled to death by Manfred Sadowski, who was a patient at the hospital. Sadowski, who was in his fourth admission, had previously attacked a social worker and a female patient at a half-way house where he had been a resident. Sadowski was indicted by the Grand Jury of Cook County but never stood trial on the charge of murder because he was found mentally unfit to stand trial.

Henry Nishi, husband of the decedent and Administrator of her Estate, testified that she was 39 years old and a graduate of junior college in Puerto Rico. She had taught grammar school for eight or nine years before coming to the United States in 1964. She had been a full time resident of Chicago since 1969. Mr. Nishi testified that his wife had worked for several electronic companies in Chicago and also worked as a baby sitter for her next door neighbor, Joyce Tajnia. Mrs. Nishi's burial expenses, including the removal of her remains to Puerto Rico, amounted to approximately $2,000.00.

The Respondent called as its only witness Daniel Greenberg, the administrator of Chicago Reed Mental Health Center. On the date of Mrs. Nishi's death there

were 28 patients in her unit. During that time, the unit was supervised by only one or two staff people to care for the patients who suffered from varying degrees of mental distress.

The Court finds that the Respondent was negligent in failing to exercise adequate supervision over the decedent in order to protect her from injury and death. The Respondent had previous notice that Manfred Sadowski had violent tendencies which had resulted in previous attacks on individuals while he was in State custody. The Respondent breached its duty by failing "to exercise reasonable care in restraining and controlling dangerous, insane persons committed to its custody, so that they will not have the opportunity to inflict a foreseeable injury upon others." *Choiniere v. State, 30 Ill.Ct.Cl. 174, 176 (1974),* citing with approval *Robinson v. State, 25 Ill.Ct.Cl. 67, 74 (1965).*

The Claimant and the deceased were free of any contributory negligence in this matter.

The Claimant is, therefore, entitled to an award for damages due to the decedent's death. The Claimant seeks an award of $100,000.00. The Respondent asks that the statutory limit on damages in the sum of $25,000.00, which was in effect when the cause of action accrued, controls in this case.

The Court has carefully considered the authority cited and arguments made by the parties on the issue of damages. The Court in *Theodosis v. Keeshen Motor Express Co., 341 Ill.App. 8, 92 N.E.2d 794 (1950)* held that an increase in the amount of recovery in the "Wrongful Death Act" applies prospectively only. This Court in *Shockley v. State, 21 Ill.Ct.Cl. 346, 349 (1952)* found the reasoning in *Theodosis, supra,* to be persuasive and held that a Claimant is limited to the statutory

amount at the time the cause of action accrued. Thus the date of injury of death controls, not the date of the award. The rule in *Shockley, supra,* has been cited with approval and followed by the Court in *Riggins v. State, 21 Ill. Ct. Cl. 434, 439 (1953); Shaggs v. State 21 Ill. Ct. Cl. 418, 422 (1953); Wendley v. State, 24 Ill. Ct. Cl. 273, 276 (1961); Burgett v. State, 30 Ill. Ct. Cl. 510, 515 (1975).* There is nothing in the legislation increasing the limit on damages to indicate the General Assembly desired to make the change in the limit retroactive. Therefore, the statutory limits on damages that can be awarded in this case is $25,000.00.

An award is entered in favor of the Claimant, Henry Y. Nishi, Administrator of the Estate of Sofia Nishi, deceased, in the sum of $25,000.00.